IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICK KEVIN TURLEY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 19-cv-00217-DKW-RT<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; AND (2) DISMISSING THIS ACTION AS MOOT** |

In this insurance coverage dispute, Defendants repeatedly mailed Plaintiffs' flood insurance policy renewal notices to the incorrect address and, as a result, the policy lapsed for non-payment of the renewal premiums. Plaintiffs discovered this when Defendant Allstate Ins. Co. denied Plaintiffs' flood damage claim. Plaintiffs appealed the denial to the Federal Emergency Management Agency (FEMA) and, shortly thereafter, filed this lawsuit, similarly seeking reinstatement of the policy.

Before the Court is Defendants EVA, Inc. (EVA), dba the Ellgren Agency, and Michelle Santos' motion for summary judgment (the EVA Defendants) on Plaintiffs' remaining claims (Counts III and IV), Dkt. No. 54, and Defendant Allstate's motion for summary judgment, Dkt. No. 72, on the EVA Defendants' cross-claim against Allstate for indemnification and contribution. It is undisputed that FEMA has reinstated Plaintiffs' policy to cover Plaintiffs' flood damage, and

Plaintiffs now only seek to recoup "as damages" the attorneys' fees and costs they incurred in litigating their claims against the EVA Defendants.  Dkt. No. 62, ¶ 19; Dkt. No. 63 at 23-25.  Because it is well established that an interest in litigation costs is insufficient to sustain this Court's jurisdiction under Article III of the Constitution, this case is DISMISSED as moot.

## FACTUAL & PROCEDURAL BACKGROUND

### A.    Relevant Factual Background

In March 2015, Plaintiffs Patrick and Patricia Turley purchased real property in Kauai, Hawaii (the "Property").  Dkt. No. 62-1, ¶ 3; Doc. 62-2.  The prior owner of the Property, Monica "Nikki" Kendall, had insured the Property under a Standard Flood Insurance Policy (Policy) issued by Defendant Allstate Insurance Company (Allstate).  Dkt. No. 62-1, ¶ 4.  Allstate issued the Policy in its capacity as a Write-Your-Own (WYO) Program carrier participating in the U.S. Government's National Flood Insurance Program (NFIP).  Dkt. No. 72-1, ¶ 3.  When the Turleys purchased the Property, Kendall suggested that they have the Policy endorsed to them as the new owners of the Property.  Dkt. No. 62-1, ¶ 5.  With the assistance of Defendant EVA, Inc. (EVA), dba the Ellgren Agency, and EVA's insurance agent Defendant Michelle Santos (collectively the "EVA Defendants"), on March 31, 2015, the Turleys became the named insured on the Policy issued by Allstate.  *See id.*; Dkt. No. 62-3; Dkt. No. 64-3, ¶ 3; Dkt. No. 62, ¶ 2.

### 1.    The First Request to Correct the Turleys' Mailing Address

On April 1, 2015, the Turleys' real estate agent informed EVA via e-mail that the mailing address for the Policy needed to be changed to "3104 The Strand, Manhattan Beach, CA 90266."  *See* Dkt. No. 62-1, ¶¶ 6–7; Dkt. No. 62-5 at 1.  EVA acknowledged receipt of the e-mail and, that same day, Defendant Santos responded: "Attached is the revised flood dec showing mailing address correction."  Dkt. No. 62-5 at 1–2.  In Allstate's electronic activity log for the Policy, Dkt. Nos. 55-3, 62-10, Allstate and EVA can each document activity related to the Policy, such as the mailing of premium notices, receipt of premium payments, and renewals of the Policy.  Dkt. No. 62, ¶ 7; Dkt. No. 64-2, ¶ 6; Dkt. No. 72-1, ¶ 12.  On April 1, 2015, EVA posted the following note in Allstate's activity log for the Policy: "PLEASE UPDATE MAILING ADDRESS TO 3104 The Strand Manhattan Beach, CA 90266 MAHALO."  Dkt. No. 62-10 at 2.

The Turleys' mailing address, however, was not changed in Allstate's records. Sometime around June 2015, Kendall forwarded to the Turleys a premium renewal notice for the Policy, which Allstate had sent to Kendall's address.  *See* Dkt. No. 62-1, ¶ 8; Dkt. No. 62-11.  Nevertheless, in July 2015, the Turleys paid the renewal premium for the Policy in the amount of $11,525.00.  Dkt. No. 62-1, ¶ 9.

**2.    The Second Request to Correct the Turleys' Mailing Address**

When the Turleys did not receive a premium renewal notice from Allstate for 2016, Patrick Turley called EVA on August 16, 2016, to pay the premium on the Policy with a credit card.  Dkt. No. 62-1, ¶ 10.  That same day, Patrick Turley's assistant called EVA to once again correct the mailing address where all written communications regarding the Policy should be sent.  *Id.* at ¶ 11.

**3.    The Third Request to Correct the Turleys' Mailing Address**

On August 30, 2016, Kendall (the prior owner of the Property) sent an e-mail to Defendant Santos with a copy to Patricia Turley.  Dkt. No. 62-8 at 2.  In the e-mail, Kendall wrote the following:

> A FINAL notice for flood insurance has come to my house (addressed to Patrick and Patricia Turley)—they are the owners of [the Property] and have been for over a year—looks extremely urgent. The policy# is . . . please contact them for this! And please update your info on file! Our mailman rarely delivers things here to wrong names as it happens so frequently so this is [the] only notice I have seen for them—not sure if there were others.

*Id.*; *see also* Dkt. No. 62-7, ¶ 6.  Kendall also provided Santos with the Turleys' contact information and asked that Santos confirm receipt of the e-mail.  Dkt. No. 62-8 at 2.  Santos responded, "This was taken care of on 8-16-16.  Thanks Nikki!" *Id.* at 1.  Notwithstanding this representation, that same day, EVA posted the following note in Allstate's activity log for the Policy: "Please change mailing address to 3104 The Strand Manhattan Beach, CA 90266."  Dkt. No. 62-10 at 1.

Based upon Santos' August 30, 2016 e-mail, at this point, the Turleys expected that, going forward, Allstate would send renewal notices for the Policy to the proper mailing address.  Dkt. No. 62-7, ¶ 9; Dkt. No. 62-1, ¶ 13.  But thereafter, the Turleys never received another notice of renewal or invoice to renew the Policy.  Dkt. No. 62-7, ¶ 10.  In fact, the August 4, 2017 "FINAL NOTICE," which stated that the Policy would lapse unless the 2017 renewal premium was paid within 30 days, was not sent to the Turleys' address; it was sent to 432 21st Street Manhattan Beach, CA 90266.  Dkt. No. 62-12.

**B.      April 2018 – Allstate Denies the Turleys' Flood Damage Claim**

On April 14, 2018, there was a flood on the Property, Dkt. No. 62-1, ¶ 14, allegedly causing damages in an amount exceeding $250,000.  Dkt. No. 1, ¶¶ 25, 41.  On April 16, 2018, Patricia Turley called EVA to file a claim with Allstate for the damage caused to the Property.  At that time, she learned that the Policy had been cancelled for failure to pay the 2017 Policy premium.  Dkt. No. 62-7, ¶ 12.  That day, Patrick Turley also called EVA to investigate further and was told that the Policy renewal notices had been repeatedly sent to the wrong address: 432 21st Street, Manhattan Beach, CA 90266.  When Patrick asked what options were available, EVA told him to take out a new flood insurance policy with Allstate, and he immediately did just that.  Dkt. No. 62-1, ¶ 16.

On April 25, 2018, the Allstate adjuster assigned to the Turleys' claim informed Patrick Turley that he could not proceed with the Turleys' claim because the Policy was not in effect at the time of the loss. *Id.* at ¶ 17. By letter dated April 26, 2018, Allstate officially denied the Turleys' claim because the Policy "expired on August 5, 2017." Dkt. No. 62-6 at 1; Dkt. No. 62-1, ¶ 18. Consistent with federal regulations, the "Policyholder Rights" attached to the letter, Dkt. No. 62-6 at 2, notified the Turleys that they could: (1) appeal the denial to FEMA within 60 days of the denial, *cf.* 44 C.F.R. § 62.20(e); and thereafter (2) sue the insurer in federal court within one year of the date they received Allstate's denial letter, *see* 42 U.S.C. § 4072; 44 C.F.R. § 62.22(a); *see also* 44 C.F.R. § 62.20(d).

## C.    Procedural History

On June 20, 2018, the Turleys appealed Allstate's denial of their claim to FEMA. Dkt. No. 62-1, ¶ 24. On April 25, 2019, with the FEMA appeal still pending, the Turleys filed this lawsuit against Allstate and the EVA Defendants. Dkt. No. 1; Dkt. No. 62-1, ¶ 26.[1] In Counts I and II against Allstate, the Turleys asserted claims for breach of the insurance contract and a declaratory judgment for reinstatement of the Policy "as though there existed no lapse in coverage as of April 14, 2018, under the terms of the Policy." Dkt. No. 1, ¶¶ 26–36. In Counts III and IV against the

---

[1]As of December 31, 2019, the Turleys claim they have incurred attorneys' fees in the amount of $37,187.75 (which includes General Excise Tax of 4.7%), and costs in the amount of $769.01. Dkt. No. 62-1, ¶ 27.

EVA Defendants, the Turleys alleged claims for negligence and negligent misrepresentation, *id.* at ¶¶ 26–49, and sought at least $250,000 for the flood damage to the Property that Allstate had refused to pay because the Policy had lapsed.  *Id.* at ¶¶ 25, 41, 47. The EVA Defendants then filed a cross-claim against Allstate on September 19, 2019, seeking indemnification, reimbursement, and contribution from Allstate in the event that the Turleys prevailed against the EVA Defendants. *See* Dkt. No. 30, ¶ 4.

Sometime in September 2019, FEMA terminated the Turleys' appeal because they had filed this lawsuit.[2]  But before doing so, FEMA also reinstated the Turleys' Policy "as though there were no lapse in coverage, subject to the payment of premiums in the approximate amount of $17K . . ."  *See* Dkt. No. 55-5 at 2–3; Dkt. No. 62, ¶ 19.  As a result, on November 5, 2019, the Court approved and entered the parties' joint Stipulation for Partial Dismissal with Prejudice of Plaintiffs' Claims Against Defendant Allstate Insurance Company (Stipulation).  Dkt. No. 38.  In the Stipulation, the parties all agreed that, *inter alia*, Counts I and II of the Complaint would be dismissed, "with each party to bear their own attorneys' fees and costs," and all other claims would remain, *i.e.*, Counts III and IV against the EVA Defendants and the EVA Defendants' cross-claim against Allstate.  Doc. 38 at 2.

---

[2]Pursuant to 44 C.F.R. § 62.20(d), "[a]ll appeals submitted for decision but not yet resolved shall be terminated upon notice of the commencement of litigation regarding the claim."

The EVA Defendants have now moved for summary judgment on Counts III and IV, Dkt. No. 54, and Allstate has moved for summary judgment on the EVA Defendants cross-claim for indemnification, Dkt. No. 72. These matters have been fully briefed by all concerned and are now ripe for resolution.

## STANDARD OF REVIEW

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A *genuine* issue of *material* fact exists when, "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249; *see Scott v. Harris*, 550 U.S. 372, 380 (2007). This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "a scintilla of evidence in support of the plaintiff's position will be insufficient," *Anderson*, 477 U.S. at 252. "[A] complete failure of proof concerning an essential element" of a claim "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The standard does not change merely because there is more than one motion for summary judgment. The court simply "evaluate[s] 'each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences.'" *See Zabriskie v. Fannie Mae*, 912 F.3d 1192, 1196 (9th Cir. 2019) (quoting *ACLU of Nev. v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006)).

## DISCUSSION

In their respective motions for summary judgment, the EVA Defendants and Allstate are both adamant that their conduct was reasonable and that the negligence of the other party was the sole cause for the Turleys having not received the notices to renew their Policy, resulting in the Policy lapsing and Allstate denying coverage for the flood damage the Turleys incurred on April 14, 2018. Dkt. No. 54-1 at 10, 13–16; Dkt. No. 72 at 5–7; Dkt. No. 76 at 7–8. As a threshold matter, however, the EVA Defendants argue that this action must be dismissed because the Turleys have not sustained any damages now that FEMA has reinstated the Turleys' Policy. Dkt. No. 54-1 at 11–12; Dkt. No. 66 at 15-17; Dkt. No. 62 at 5. The Turleys admit that their Policy has been reinstated, Dkt. No. 62, ¶ 19, but they argue that, under Hawaii law, they are still entitled to recover, as damages, the attorneys' fees and costs the EVA Defendants caused the Turleys to incur in litigating their claims against

- 9 -

Allstate.[3]  Dkt. No. 63 at 23–25.

Because it is clear from the record that attorneys' fees and costs is the only relief the Turleys are now seeking, and because such relief alone is insufficient to maintain a live controversy for purposes of jurisdiction under Article III of the Constitution, this case is dismissed as moot.

## A.    Legal Framework: Mootness Doctrine

Even without the EVA Defendants' motion, this Court has "an independent obligation to ensure that a case is not moot within the meaning of Article III" of the Constitution.  *See Renee v. Duncan*, 686 F.3d 1002, 1016 (9th Cir. 2012).  "Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'"  *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("If a dispute is not a

---

[3]In order to recover attorneys' fees under this exception to the "American Rule," the plaintiff must establish:

> (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant, or because of defendant's tortious conduct, that is, that the party sought to be charged with the fees was guilty of a wrongful or negligent act or breach of agreement; (2) that the litigation was with a third party, not with the defendant from whom the fees are sought to be recovered; (3) that the attorneys' fees were incurred in that third-party litigation; and (4) whether the fees and expenses were incurred as a result of defendant's breach of contract or tort, that they are the natural and necessary consequences of the defendant's act, since remote, uncertain, and contingent consequences do not afford a basis for recovery[.]

*Lee v. Aiu*, 936 P.2d 655, 669 (Haw. 1997) (quoting *Uyemura v. Wick*, 551 P.2d 171, 176 (Haw. 1976); *see also Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1128 (D. Haw. 2004).

proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."). "That limitation requires those who invoke the power of a federal court to demonstrate standing—a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). In other words, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation omitted) (quoting *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009)). This is not simply a threshold jurisdictional requirement; rather, an "'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already*, 568 U.S. at 90–91 (quoting *Alvarez v. Smith*, 558 U. S. 87, 92 (2009)).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare*, 569 U.S. at 72 (citation omitted). The

plaintiff lacks a "personal stake" in the litigation—and thus the case is moot—"when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012) (citations and internal quotation marks omitted).  Thus, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008)).

**B.     This Case is Moot**

The relief initially sought by the Turleys was based on claims that they could not seek insurance coverage for the flood damages they sustained because their Policy had wrongfully lapsed.  *See* Dkt. No. 1, ¶¶ 29–36, 25, 41, 47.  It is undisputed that after this lawsuit was filed, FEMA reinstated the Turleys' Policy "as though there were no lapse in coverage, subject to the payment of premiums . . .," *see* Dkt. No. 55-5 at 2–3; Dkt. No. 62, ¶ 19, and Counts I and II were dismissed by joint stipulation of the parties on that basis, Dkt. No. 38.  As a result of FEMA reinstating the Turleys' Policy, the Turleys assert that the only relief they now seek is the attorneys' fees and costs that the EVA Defendants caused the Turleys to incur in prosecuting their claims.  Dkt. No. 63 at 23–25.  But that is not a "legally cognizable interest" or "personal stake" sufficient to prevent a case from becoming moot.

It is well-settled that "attorney fees and legal costs associated with [an] action . . . standing alone are insufficient to confer Article III jurisdiction 'where none exists on the merits of the underlying claim.'" *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 866–67 (9th Cir. 2017) (citation omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)). "Rather, a case or controversy sufficient to confer Article III jurisdiction exists only when succeeding in the litigation will afford 'the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)); *see also Lewis*, 494 U.S. at 480 ("Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward . . . solely in order to obtain reimbursement of sunk costs."); *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014) (stating that "[t]he existence of an attorneys' fees claim . . . does not resuscitate an otherwise moot controversy." (quoting *Cammermeyer v. Perry*, 97 F.3d 1235, 1238 (9th Cir. 1996)); *United States v. Ford*, 650 F.2d 1141, 1144 n.1 (9th Cir. 1981) (stating that "there is no right to review . . . any of the issues in the underlying action solely for the purpose of deciding the attorney's fee question."). This is because, regardless of what state or federal law has to say on the matter, a claim for attorneys' fees is collateral to, and separate from, the merits decision. *See, e.g.*, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) ("[I]t indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does

not remedy the injury giving rise to the action . . ."); *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, 571 U.S. 177, 185 (2014) ("The premise that contractual attorney's fees provisions are always a measure of damages is unpersuasive . . ."); *McCalla v. Royal Maccabees Life Ins. Co.*, 369 F.3d 1128, 1131 (9th Cir. 2004).

Here, because the Turleys are only seeking to recoup their litigation costs at this point, the underlying dispute with respect to Counts III and IV is moot.  As a result, the EVA Defendants' cross-claim against Allstate, Dkt. No. 38, is also moot because the EVA Defendants no longer have a claim for reimbursement or contribution.  Because the underlying claims in this case are moot, the Court lacks jurisdiction to decide the merits of these claims.

That said, the Court retains jurisdiction so that the Turleys may seek their attorneys' fees in the same way a litigant would do so in any other case.  *See, e.g.*, LR 54.2; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("[E]ven years after the entry of a judgment on the merits a federal court could consider an award of counsel fees." (citation and internal quotation marks omitted)); *Center for Bio. Div. v. Marina Point Dev.*, 560 F.3d 903, 915–916 (9th Cir. 2009) (affirming portion of attorneys' fees award and collecting cases for the proposition that "when a matter becomes moot . . . the court will not, and cannot, review the merits of the underlying dispute for the purpose of determining whether an award of attorney fees [i]s proper"); *UFO Chuting of Hawaii Inc. v. Smith*, 508 F.3d 1189, 1197–98 (9th Cir. 2007) (noting that a party

can still obtain attorneys' fees if they received a "direct benefit" before the case becomes moot); *San Lazaro Ass'n, Inc. v. Connell*, 286 F.3d 1088, 1096–97 (9th Cir. 2002) ("Although [plaintiff]'s substantive claims are moot, its entitlement to attorney's fees is not."); *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999) (holding that "no Article III case or controversy is needed with regard to attorneys' fees . . . because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot").

In sum, FEMA reinstated the Turleys' Policy to cover the damages they sustained to their Property as a result of the April 2018 flood event.  Because the Turleys' only remaining claim for relief is the litigation costs incurred in this matter, and because such costs are insufficient to maintain Article III jurisdiction over the merits of this dispute, the Turleys' remaining claims (Counts III and IV) and the EVA Defendants' cross-claim for indemnification are moot.  "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit," *Already*, 568 U.S. at 91, "Article III denies federal courts the power to decide questions that cannot affect *the rights of litigants in the case before them*," *Lewis*, 494 U.S. at 477 (emphasis added; citation and internal quotation marks omitted).  Accordingly, this case is DISMISSED as moot.

## **CONCLUSION**

For the reasons set forth herein, Defendants' Motions for Summary Judgment, Dkt. No. 54, 72, are GRANTED.  The Clerk of Court is instructed to enter Judgment, pursuant to this Order, and the Stipulation entered on November 7, 2019 (Dkt. No. 38).  The Clerk is then DIRECTED to close this case.

IT IS SO ORDERED.

DATED: April 30, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Patrick Kevin Turley, et al vs. Allstate Insurance Company, et al.
Civil No. 19-00217 DKW-RT;  **ORDER (1) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; AND (2) DISMISSING THIS ACTION AS MOOT**